IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DENNIS GREGORY DODSON, II,<br>　　　Plaintiff,<br><br>v.<br><br>ANGELA SCHROEDER, et al.,<br>　　　Defendants. | §<br>§<br>§<br>§　　CIVIL ACTION NO. H-06-1192<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER ON DISMISSAL

Dennis Gregory Dodson, II, a state inmate proceeding *pro se* and *in forma pauperis*, filed this complaint alleging violations of his civil rights under 42 U.S.C. § 1983. After carefully considering plaintiff's complaint, more definite statement, and the applicable law, the Court finds that plaintiff's complaint is frivolous, fails to state a claim, and should be dismissed for the reasons that follow.

### I. BACKGROUND AND CLAIMS

Plaintiff names the following individuals and entities as defendants in this lawsuit: Lucinda Dodson, plaintiff's former spouse and a Wal-Mart employee; Michael Payne, Lucinda's current husband and a Wal-Mart employee; Rose Castillo, a Wal-Mart store manager; and Wal-Mart Inc., a private corporation (together the "Private Defendants"); Angela Shroeder, an investigator with the Sheriff's Department of Grimes County, Texas; Don Sowell, Sheriff of Grimes County, Texas; and the Grimes County Sheriff's Department (together the "Law Enforcement Defendants"); and Tuck McLain, the Grimes County

District Attorney; Kenneth H. Keeling, a Grimes County district judge; unknown members of the October 30, 2002 and January 20, 2003 Grimes County grand juries; and unknown Grimes County jurors who convicted plaintiff of aggravated perjury in July, 2004 (together the "Judicial Defendants").

Plaintiff alleges that during his separation from Lucinda in June of 2002, Lucinda became involved with co-worker Payne. Shortly thereafter, plaintiff filed a criminal complaint with the Grimes County Sheriff's Department, asserting that Payne had molested plaintiff's and Lucinda's three-year old daughter on June 12, 2002. The medical and physical evidence, however, did not support the molestation charge. On July 18, 2002, the Law Enforcement Defendants and the individual Private Defendants arranged for Payne and Lucinda to talk to plaintiff over a speakerphone located in a Wal-Mart store security office. The Law Enforcement Defendants were present in the room and recorded the speakerphone call. During the call, Lucinda promised plaintiff that if he admitted the molestation complaint against Payne was false, she and the children would return to him as a family. Plaintiff noticed that Lucinda was talking to him over a speakerphone, and asked her if the call was being monitored or recorded. She said no, and plaintiff told her that the molestation charge was false.

McLain presented one or more of the Law Enforcement Defendants and the recorded conversation to the Grimes County grand jury on October 30, 2002, which returned a "no bill" against Payne on the child molestation charge. Another Grimes County grand jury

2

returned an indictment against plaintiff on January 30, 2003 for aggravated perjury as to the false molestation charge. The recorded conversation was admitted into evidence at plaintiff's criminal trial in July of 2004, and the jury found him guilty of aggravated perjury.

The aggravated perjury conviction was affirmed on direct appeal. *Dodson v. State*, No. 14-05-00178-CR (Tex. App. – Houston [14th Dist.] 2006, no pet.). In its opinion, the court of appeals set forth the following statement of facts regarding the recorded conversation and plaintiff's trial:

> Deputy Sheriff Angela Shroeder testified that after the child reported that appellant told her to lie [about the molestation], the investigators decided to record a telephone conversation among Payne, Lucinda, and appellant. Payne telephoned appellant at appellant's place of employment. Payne asked appellant why he continued to lie about the alleged sexual assault. Appellant said that he was not lying, and he was angry that Payne had been seeing Lucinda. After a heated conversation, Payne asked if appellant would like to speak with Lucinda, and he gave her the telephone. Lucinda asked appellant why he was lying and said that if he told the truth, she would come back to him. After repeated denials, appellant admitted lying because he was angry with Payne and Lucinda. The tape was played for the jury without objection. When appellant testified at trial, he claimed that he said he had told the child to lie only because Lucinda had promised to come back to him.

*Dodson* at 3.

In the instant lawsuit, plaintiff complains that the defendants violated and conspired to violate his constitutional rights by eavesdropping on and illegally recording his conversation with Lucinda and using the illegal evidence to wrongly obtain an indictment and convict him of aggravated perjury. He also claims that the defendants conspired to "cover up" Payne's child molestation offense. Plaintiff seeks recovery from each defendant

3

of $1 million in compensatory damages, $1 million for mental anguish, and $80 million in punitive damages.

## II.  ANALYSIS

When a litigant proceeds *in forma pauperis*, the district court may scrutinize the basis of the complaint and, if appropriate, dismiss the case without service of process if the claim is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

### A.  Bar by *Heck v. Humphrey*

In order to recover damages for an allegedly unconstitutional proceeding or for other harm caused by actions whose unlawfulness would render a conviction or incarceration invalid, a section 1983 plaintiff must prove that the underlying ground for incarceration, whether by conviction or other means, has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages

bearing that relationship to a conviction or incarceration that has not been so invalidated is not cognizable under section 1983. *Id.*

Plaintiff's conviction for aggravated perjury was affirmed on direct appeal, and he does not allege that it was expunged by executive order, declared invalid, or otherwise called into question. A favorable ruling by this Court on plaintiff's claims for use of the illegally-recorded conversation to obtain his wrongful indictment and conviction would necessarily imply the invalidity of his criminal proceedings and conviction, and these claims should be dismissed with prejudice until he has satisfied the *Heck* requirements. *See* 512 U.S. at 487; *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000) (holding that an inmate seeking damages pursuant to section 1983 for unconstitutional imprisonment who has not satisfied the favorable termination requirement of *Heck* is barred from any recovery and fails to state a claim upon which relief may be granted). Accordingly, plaintiff's claims for use of the recording, conspiracy to indict and convict, and his wrongful indictment and conviction for aggravated perjury will be dismissed as barred by *Heck*.

Plaintiff's claims for damages for defendants' eavesdropping on and illegal recording of his conversation with Lucinda (as opposed to its use as evidence), and for conspiracy to illegally record the conversation and "cover up" the child molestation offense, however, are independent of plaintiff's criminal proceedings and are not barred by *Heck*. The Court will address the validity of these claims.

**B.     State Actors**

A plaintiff seeking relief under 42 U.S.C. § 1983 must establish two essential elements: that the conduct complained of was committed under color of state law, and that the conduct deprived him of rights secured by the Constitution or laws of the United States. *Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1990). The plaintiff must present facts which demonstrate that the defendants either personally participated in the act causing the alleged constitutional deprivation, or that they implemented a policy so deficient that the policy itself acted as a deprivation of constitutional rights. *Cronn v. Bufington*, 150 F.3d 538, 544 (5th Cir. 1998).

For private citizens such as Lucinda, Payne, or Castillo to be held liable under section 1983, plaintiff must allege that these individuals conspired with or acted in concert with state actors. *See Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989); *see also Priester v. Lowndes County*, 354 F.3d 414 (5th Cir. 2004). The Fifth Circuit has held that a non-state actor may be liable under section 1983 if the private citizen was a willful participant in joint activity with the State or its agents. *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994).

In the instant case, it is clear that Lucinda, Payne, and the Law Enforcement Defendants engaged in a joint activity, namely, the staging and recording of the speakerphone conversation among plaintiff, Payne, and Lucinda. Castillo and Wal-Mart, Inc., however, did nothing more than provide access to a speakerphone and a place for the telephone call to be made. Plaintiff's allegations fall short of showing that Castillo and Wal-

Mart, Inc., were state actors under the circumstances. *See Bass v. Parkwood Hospital*, 180 F.3d 234 (5th Cir. 1994). Accordingly, none of plaintiff's claims against Castillo and Wal-Mart, Inc., and all but one of his claims against Payne, meet the "state actor" requirement of section 1983. To the extent that plaintiff sues Payne for the alleged molestation of his minor daughter, Payne is not a "state actor" for purposes of section 1983, and that claim will be dismissed.

Regardless, and as is discussed below, plaintiff fails to show the violation of a constitutional right, and all of his claims are subject to dismissal.

**C.    Claims for Illegal Wiretap and Communication Interception**

In his more definite statement, plaintiff asserts that the Law Enforcement Defendants, in concert with Lucinda and Payne, violated 18 U.S.C. §§ 2510-2521 by illegally wiretapping and intercepting his conversation with Lucinda. His claim is patently frivolous. Under 18 U.S.C. § 2511(2)(c),

> It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception.

Plaintiff acknowledges that Lucinda was a party to their conversation and that the Law Enforcement Defendants monitored and recorded the conversation with Lucinda's prior authorization. Accordingly, plaintiff shows no violation of federal law, and these claims will be dismissed. To the extent plaintiff complains that Lucinda falsely told him that the

conversation was not being recorded, he does not show that his assertion rises to the level of a federal constitutional issue.

Further, plaintiff's claims against the Grimes County Sheriff's Department will be dismissed because he fails to allege the existence of a county policy that resulted in the deprivation of his constitutional rights. He merely asserts acts on the part of one or more county employees, for which the entity cannot be held vicariously liable. *See Monell v. New York City Dep't of Social Serv.*, 436 U.S. 658, 690 (1978).

For these reasons, plaintiff's claims against the Private Defendants and the Law Enforcement Defendants for the eavesdropping on and recording of his conversation with Lucinda are frivolous and will be dismissed.

**D.     The Judicial Defendants**

Plaintiff complains that the state district judge in his criminal case allowed the State to present, and that the grand jurors and trial jurors listened to and eavesdropped on, the illegally recorded conversation. To the extent these claims are not barred by *Heck*, the Judicial Defendants are protected from these claims by judicial immunity.

It is well-established that absolute immunity applies to the judicial acts of judges acting within their jurisdiction in suits brought pursuant to 42 U.S.C. § 1983. *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *see also Mays v. Sudderth*, 97 F.3d 107 (5th Cir. 1996). Absolute immunity also applies to the prosecutor, the grand jurors, and the trial jurors in plaintiff's

criminal proceedings. *See Imbler v. Pachtman*, 424 U.S. 409, 423-24 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118 (1997); *Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1995).

Plaintiff's claims all involve activities that the Judicial Defendants engaged in within the course and scope of their respective duties and jurisdiction as the state district judge, district attorney, grand jurors, and trial jurors in Grimes County, Texas. For these reasons, plaintiff's allegations against the Judicial Defendants fail to state a claim, are frivolous, and will be dismissed.

### E. Conspiracy

Plaintiff contends that the Private Defendants and Law Enforcement Defendants conspired to illegally eavesdrop on and record his conversation with Lucinda, and that all of the defendants then conspired to use that evidence to convict him. To state a claim for conspiracy under section 1983, a plaintiff must allege the existence of (1) an agreement to do an illegal act and (2) an actual constitutional deprivation. *See Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994). Plaintiff's conspiracy claims fail because he has not shown an actual violation of his constitutional rights or an agreement by the defendants to commit an *illegal* act. *See Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995); *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir .1982). Moreover, his claims arising from use of the evidence to obtain his conviction and incarceration are barred by *Heck*.

Plaintiff's claim that the defendants conspired to "cover-up" the child molestation offense also is frivolous. Plaintiff asserts no factual allegations showing either an agreement

among the defendants to carry out an illegal act regarding the molestation charge, or that he incurred an actual constitutional deprivation.

Plaintiff's claims for conspiracy fail to state a viable claim, are frivolous, and will be dismissed.

### F.     State Law Claims

It is unclear whether plaintiff has alleged claims arising under state law. A federal district court has supplemental jurisdiction over all other claims that are so related to claims in the action within its original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a). The Court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Because the Court has dismissed plaintiff's section 1983 claims, the Court declines to exercise supplemental jurisdiction over any claims he asserts based on state law. *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999); *Welch v. Thompson*, 20 F.3d 636, 644 (5th Cir. 1994).

### III.    CONCLUSION

This lawsuit lacks an arguable basis in law and in fact, and is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim. Any and all pending motions are **DENIED AS MOOT**.

The Clerk is directed to provide copies of this order to the parties; to the TDCJ Office of the General Counsel, P.O. Box 13084. Austin, Texas 78711; and to the District Clerk for

the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strike List.

Signed at Houston, Texas, on this the ___6th___ day of November, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE